The STATE ex rel. VAN DORN, Appellant,

v.

MT. GILEAD EXEMPTED VILLAGE SCHOOL DISTRICT,
Board of Education et al., Appellees.

[Cite as *State ex rel. Van Dorn v. Mt. Gilead Exempted Village
School Dist. Bd. of Edn.* (1992), 78 Ohio App.3d 238.]

Court of Appeals of Ohio,
Morrow County.

No. CA–762.

Decided May 20, 1992.

*Martin, Pergram, Browning & Parker Co., L.P.A.,* and *James M. Dietz,* for appellant.

*Bricker & Eckler, Nicholas A. Pittner* and *Sue Wyskiver Yount*, for appellees.

---

MILLIGAN, Judge.

Appellant, Michelle Van Dorn ("appellant"), appeals a summary judgment of the Morrow County Common Pleas Court in favor of appellees Mt. Gilead Exempted Village School District Board of Education and the Treasurer of the Mt. Gilead Exempted Village School District:

### Assignment of Error

"The trial court committed prejudicial error in granting appellee's motion for summary judgment."

Appellant taught Home Economics in the Mt. Gilead Exempted School District, beginning in September, 1980. Appellant was a member of the Mt. Gilead Teachers' Association and was covered by a collective bargaining agreement between the association and the school board.

Appellant was employed under a three-year limited contract from the fall of 1986 through the spring of 1989. During these school years, the board received state funding for its home economics program. In April, 1989, the board offered appellant a full-time one-year probationary contract for the 1989–1990 school year. After appellant signed this contract, the board became aware of the decline in students enrolled in home economics. Enrollment declined from twenty-one students in 1988–1989, to six students in 1989–1990. As a result, the board lost state funding for home economics.

On July 25, 1989, the board voted to suspend appellant's 1989–1990 full-time contract, stating that the reduction in force was necessary due to decreased enrollment and financial difficulty. At the same meeting, the board voted to offer appellant a part-time one-year probationary contract at 45.16 percent of her regular salary. On August 9, 1989, the board and appellant entered into the part-time contract. For the 1990–1991 school year, appellant was employed at 66.23 percent of her full-time regular salary.

In her amended complaint, appellant sought a declaration that she was entitled to a multiple-year contract based on the collective bargaining agreement, and a declaration that the reduction in force was of no force and effect. Further, she asked for damages and a writ of mandamus. She claimed unjust enrichment, in that she was performing at full-time hours but receiving part-time pay.

The trial court granted summary judgment in favor of appellees. The court found that reasonable minds could only conclude that the reduction in force

was lawful under R.C. 3319.17, rendering the remainder of appellant's claims moot.

## Standard of Review

Summary judgment shall be rendered if the evidence before the court shows that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Summary judgment is appropriate when it appears from the evidence that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made. *Id.* The standard and evidence upon which we review summary judgment is the same as for the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 30 OBR 78, 79, 506 N.E.2d 212, 215.

## Statutory Reduction in Force

Appellant first argues that the reduction in force was not valid under R.C. 3319.17, as the actual number of teachers was not reduced. She argues that rather than reducing the number of teachers, the board partially suspended her contract.

R.C. 3319.17 provides:

"When by reason of decreased enrollment of pupils, return to duty of regular teachers after leaves of absence, or by reason of suspension of schools or territorial changes affecting the district, a board of education decides that it will be necessary to reduce the number of teachers, it may make a reasonable reduction.   * * * "

In *Ott v. Buckeye Local School Dist. Bd. of Edn.* (Aug. 27, 1986), Medina App. No. 1494, unreported, 1986 WL 9353, a home economics teacher was suspended due to reduction in enrollment. She was later recalled at half-time. The trial court's summary judgment for the board was affirmed by the court of appeals, finding that the reduction in force was proper under R.C. 3319.17. See, also, *Demos v. Worthington City School Dist. Bd. of Edn.* (Dec. 3, 1985), Franklin App. No. 85AP–454, unreported, 1985 WL 4152 (board did not violate R.C. 3319.17 by suspending art teacher and recalling at part-time); *Blubaugh v. Jefferson Cty. Joint Vocational School Dist. Bd. of Edn.* (June 26, 1989), Jefferson App. No. 88–J9, unreported, 1989 WL 71093, motion to certify record denied (1989), 46 Ohio St.3d 707, 545 N.E.2d 1284 (summary judgment affirmed where board suspended contract then recalled teacher at half-time).

It is clear from the minutes of the board of education meeting that the board suspended appellant's full-time contract. At the same meeting, the board recalled appellant at part-time. It is undisputed that had the board

suspended appellant but not recalled her, the reduction in force would have been proper. The board's action is not invalid simply because the board chose to recall her at the same meeting. For the time interval between the suspension and recall, the number of teachers was actually reduced by one teacher.

Appellant's reliance on *Millhoff v. Manchester Loc. School Dist. Bd. of Edn.* (Aug. 28, 1985), Summit App. No. 11941, unreported, 1985 WL 11071, is misplaced. In *Millhoff,* the board partially suspended thirty-two percent of the teacher's contract. When the teacher refused to execute the contract, the board did not renew the contract. The board then hired a part-time teacher to teach a subject the suspended teacher was certified to teach. The court found no evidence that the number of teachers was reduced, and no showing of a need to reduce the number of teachers. As there is no statutory provision for partial suspension of contracts, the board's action was invalid.

In the case *sub judice,* the board needed to reduce the number of home economics teachers because of decline in enrollment and loss of funding. Appellant was the only home economics teacher employed by the board. As the board suspended appellant before recalling her to part-time, the action was not a partial suspension as in *Millhoff,* but was a valid reduction in force.

### Non-Compliance with Agreement

Appellant argues that there is no evidence that the board complied with the reduction-in-force notice provisions of the collective bargaining agreement. The agreement requires that the association be notified of any proposed staff reduction, including the position and reasons for proposed reduction.

The superintendent stated in his deposition and affidavit that he notified the association president on two occasions in May and June of the proposed reduction. He also notified the president-elect of the association. Further, appellant stated in her deposition that when she discussed the planned reduction with the president of the association, he told her that he had not been notified. However, she discussed with him what she knew concerning her contract. The agreement only requires that the association receive notice, not that the notice come from a particular source. Thus, by appellant's own admission, she notified the association by discussing what was happening regarding her contract. Further, she received the minutes of the board meeting where the suspension occurred from the president-elect of the association.

Appellant further argues that the notification in May or June is not valid because the contract was not suspended until July. The collective bargaining

agreement contemplates notification prior to any action, as it speaks of proposed reductions.

Appellant argues that the board did not prepare seniority lists as required by the collective bargaining agreement. This issue was not raised before the trial court, and we cannot address it for the first time on appeal.

Reasonable minds could only conclude that the association was notified of the suspension.

### Reasonableness of Reduction

Appellant argues that a question of fact exists as to whether the reduction was reasonable.

■ It is undisputed that the reduction was caused by a decline in enrollment from twenty-one students to six students, resulting in loss of funding. Appellant was only certified to teach home economics. The board had no need for a full-time teacher to teach six students. Reasonable minds could only conclude that the reduction was reasonable under R.C. 3319.17.

### Entitlement to Multiple–Year Contract

■ Appellant argues that when the board issued her a full-time one-year probationary contract, she was entitled to a multiple-year contract under the terms of the collective bargaining agreement. This claim was rendered moot by the suspension of her full-time contract.

### Unjust Enrichment

■ Appellant argues that the court erred in finding her claim for unjust enrichment moot. She claimed that the board was unjustly enriched because she was performing full-time duties at part-time pay. Appellant accepted the contract for part-time pay, and cannot now argue that she is entitled to full pay because she is working more hours than required by her contract. *Ott, supra.*

The assignment of error is overruled.

The judgment of the Morrow County Common Pleas Court is affirmed.

*Judgment affirmed.*

PUTMAN, P.J., concurs.

WILLIAM B. HOFFMAN, J., dissents.

WILLIAM B. HOFFMAN, Judge, dissenting.

I respectfully dissent from the majority opinion.

Though recognizing the decision to reduce the number of teachers in the case *sub judice* was certainly reasonable because of the decline in enrollment and corresponding loss of funding, the virtually simultaneous offer of part-time employment to appellant did not result in a reduction in the number of teachers (R.C. 3319.17). The trial court erred in granting summary judgment in favor of the board of education. The judgment should be reversed and the matter remanded for further proceedings according to law.